**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4774**

_____

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

MAURICE ALEXANDER WILLIAMSON,

 Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:05-cr-00136-NCT)

_____

Submitted:  March 31, 2008          Decided:  June 16, 2008

_____

Before TRAXLER and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Alexander Williamson appeals the district court's order revoking his supervised release and imposing a twelve-month term of imprisonment. On appeal, Williamson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but suggesting that there was insufficient evidence that Williamson violated the terms of his supervised release and that his sentence was not reasonable. Although advised of his right to file a pro se supplemental brief, Williamson has not done so. The Government filed a responding brief. Finding no error, we affirm.

Williamson was originally convicted for mailing threatening communications and received a 41-month sentence. He was released from custody on December 1, 2004. On September 30, 2005, a petition for warrant or summons was filed by Williamson's probation officer alleging that Williamson violated a condition of his supervision that prohibited him from committing another federal, state, or local crime. Specifically, Williamson pled guilty to misdemeanor breaking and entering charges on August 8, 2005, in Rockingham County, North Carolina, Superior Court. At the supervised release hearing, Williamson was committed to the custody of the Bureau of Prisons for twelve months, to be followed by a period of twenty-four months of supervised release. As a special

- 2 -

condition, the court ordered that Williamson reside in a residential reentry center (RRC) for 120 days.

Williamson was released from prison on January 12, 2007, and began serving his second term of supervised release. The probation office arranged for Williamson to reside in the Dismas Charities facility, which Williamson entered on March 12, 2007. On March 16, 2007, Williamson signed himself out of the RRC for an appointment and did not return.

On April 26, 2007, the probation office filed a petition for warrant or summons, alleging two violations of the terms of supervised release: unsuccessful termination from Dismas Charities-the RRC, and failure to work regularly. The court held a hearing on July 2, 2007. Counsel for Williamson admitted the violations. Williamson testified that he reported to the RRC, stayed for five days, and voluntarily left to reside with his mother. Williamson told the court that he left the RRC because there was too much freedom and stress for it to be a successful placement for him. He testified that he informed his probation officer that he was leaving the placement.

The district court determined that Williamson "voluntarily and willfully" violated the terms of his supervised release. The court then imposed a twelve-month term of imprisonment with no additional supervised release ordered.

This court reviews a district court's revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of discretion occurs when the court fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2007). We conclude that there was sufficient evidence, in light of Williamson's admission, to support the revocation of supervised release.

Next, Williamson suggests that the sentence imposed by the district court after revoking his supervised release was not reasonable. Williamson does not assert any error in the district court's application of the Guidelines in determining the advisory sentencing range. In United States v. Crudup, this court held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." 461 F.3d 433, 437 (4th Cir. 2006). Applying the analysis articulated in Crudup, we find that Williamson's sentence for violating supervised release is not unreasonable, much less plainly unreasonable.

As correctly noted by the district court, the advisory Guidelines range for Williamson's violation was eight to fourteen

months for a Grade C violation with an original criminal history category of VI. U.S. Sentencing Guidelines Manual § 7B1.4(a) (2007). Williamson's prior conviction for mailing threatening communications was a Class C felony, so the statutory maximum sentence on revocation of supervised release was twenty-four months. 18 U.S.C.A. §§ 876, 3559(a)(3), 3583(e) (West 2000 & Supp. 2007). Williamson was sentenced to and served one twelve-month term on revocation of supervised release, so an additional twelve-month term was the maximum sentence available. Williamson's twelve-month sentence was thus within the statutory maximum. Moreover, the district court sufficiently articulated its sentencing deliberations to demonstrate that it did not abuse its discretion in selecting the term of imprisonment.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order revoking Williamson's supervised release and imposing a twelve-month sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
